**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO.: 4:24-CR-00016** |
| **VS.** | § | |
| | § | |
| **ARTHUR HECTOR FERNANDEZ, III** | § | |

**DEFENDANT'S MOTION TO WITHDRAW PLEA OF GUILTY TO COUNTS ONE AND TWO OF THE INDICTMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant Arthur Fernandez III, and in support of his Motion to Withdraw his Plea of Guilty to Counts One and Two of the Indictment, would show this Honorable Court as follows:

1. Defendant is charged in a nine-count superseding indictment with the following: Counts One through Six charge him with sexual exploitation of children, in violation of Title 18, United States Code, Section 2251(a) & (c). Count Seven charges him with coercion and enticement, in violation of Title 18, United States Code, Section 2422(b). Count Eight charges him with distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1). Count Nine charges him with receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

2. On September 9, 2026, Defendant Fernandez pleaded guilty to Counts One and Two of the Indictment. Each count alleges, *inter alia*, that the Defendant herein "did employ, use, persuade, induce, entice and coerce, and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit, Minor Victim One, to engage in any sexually explicit

conduct for the purpose of producing a visual depiction of such conduct…."

3. Counts Two through Six allege the identical conduct in the identical manner, except that they allege different minor victims, to wit: Minor Victim Two, Minor Victim Three, Minor Victim Four, Minor Victim Five, and Minor Victim Six.

4. The evidence is undisputed in this case that the Defendant and others masturbated over two minor victims. The minor victims were toddlers and did not themselves engage in any sexual conduct.

5. The government has advised the Court that, notwithstanding Defendant's pleas of guilty to Counts One and Two of the Indictment, it intends to proceed to trial on Counts Three through Nine of the Indictment. A jury trial is scheduled for February 8, 2027.

6. Undersigned counsel began preparing for this jury trial. In doing so, undersigned counsel discovered that there is a split of authority among the Courts of Appeal as to whether the minor victim must himself engage in sexual conduct, or whether it is sufficient that the minor victim is the "object" of sexual conduct.

7. The Seventh Circuit, in a case of first impression, determined that the minor must engage in the sexual conduct. See *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020). In *Howard*, the defendant masturbated over a clothed, sleeping child. He was convicted at trial, and on appeal his attorney argued that his conduct did not meet the plain wording of the statute. Howard argued that his conduct, although deplorable, "fell outside the statute because Howard did not do anything to have his niece 'engage in' sexually explicit conduct for the purposes of creating a visual image of it." *Howard*, 968 F.3d at 720 (emphasis omitted). On the other hand, the government argued to the jury: "This isn't about what [his niece] did or didn't do. The law says you look at did the defendant use

[his niece] to engage in masturbation, did the defendant use [his niece] to exhibit his genitals. It doesn't say anything about what [his niece] engaged in." *Id.* The Seventh Circuit, agreeing with Howard's interpretation, called the government's reading "strained and implausible" and stated: "The most natural and contextual reading of the statutory language requires the government to prove that the offender took one of the listed actions to cause the minor to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct." *Id.* at 721 (emphasis omitted).

8. The Ninth Circuit, in *United States v. Mendez*, took a contrary view, focusing on the conduct of the defendant. *United States v. Mendez*, 35 F.4th 1223 (9th Cir. 2022).

9. In short, there is a split in the circuits as to whether an adult male, or males, masturbating over a minor victim meets the definition of the statute. The Fifth Circuit has not decided this issue.

10. Defendant Fernandez may have pleaded guilty to two counts for which he may not be guilty under the law. However reprehensible his conduct may have been, his conduct may not meet the statutory elements of the offense.

11. No harm will be caused to the government by permitting Defendant Fernandez to withdraw his plea of guilty as to Counts One and Two of the Indictment. The Court has already ordered that sentencing be deferred until after the trial of Counts Three through Nine. Moreover, there will be very little additional effort on the part of the government to present evidence on Counts One and Two, along with the evidence it is presenting on Counts Three through Nine.

WHEREFORE, premises considered, Defendant Fernandez respectfully moves this Court to withdraw his plea of guilty to Counts One and Two of the Indictment

Respectfully submitted,

/S/ Richard Kuniansky
**RICHARD KUNIANSKY**
State Bar No. 11762840
440 Louisiana, Suite 1440
Houston, Texas 77002
Telephone: (713) 622-8333
Facsimile: (281) 783-4541

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CRIMINAL NO.: 4:24-CR-00016** |
| **VS.** | § | |
| | § | |
| **ARTHUR HECTOR FERNANDEZ, III** | § | |

**ORDER ON MOTION TO WITHDRAW PLEA OF GUILTY TO COUNTS ONE AND TWO OF THE INDICTMENT**

Having considered the motion, any response thereto, and the applicable law, the Court finds that the motion should be, and hereby is, GRANTED/DENIED.

It is therefore ORDERED that Defendant's plea of guilty to Counts One and Two of the Indictment is WITHDRAWN.

SIGNED at Houston, Texas, on this ______ day of ____________________, 2026.

______________________________
**HONORABLE KEITH P. ELLISON**
**UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

I certify that on this the 9th Day of October 2026, a copy of the foregoing motion was served on the United States Attorney's office for the Southern District of Texas, Houston Division, via electronic filing.

/s/ Richard Kuniansky
Richard Kuniansky