**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:24-CR-16-S1** |
| | § | |
| **ARTHUR HECTOR FERNANDEZ, III** | § | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO WITHDRAW GUILTY PLEA**

The United States of America, by and through its undersigned counsel, herby respectfully files this opposition to the Defendant's Motion to Withdraw Guilty Plea, ECF No. 54. Because the videos meet the federal definition of child pornography, the Defendant cannot meet his burden under the law, and the Government respectfully requests that the Court deny his motion.

**I.**

On September 9, 2026, the Defendant appeared before the Court and entered a knowing and voluntary plea to Count One of the Superseding Indictment charging him with the sexual exploitation of Minor Victim 1 and to Count Two of the Superseding Indictment charging him with the sexual exploitation of Minor Victim 2. During the re-arraignment hearing, the Court went to great lengths to ensure that the Defendant understood the charges against him and the rights which he was giving up and was aware of the consequences once his plea had been accepted by the Court. On October 9, 2026, the Defendant filed a motion to withdraw his plea of guilty. ECF No. 54. Because the Defendant did not enter a plea of guilty to the remaining seven counts of the Superseding Indictment, the Court set the case for trial for those counts on February 8, 2027.

**II.**

"A defendant does not have an absolute right to withdraw her guilty plea." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citations omitted). "The purpose [of a motion to

withdraw] is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984). Pursuant to Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw a plea of guilty after the court accepts the plea if the defendant can show "a fair and just reason for requesting the withdrawal." As set forth in *United States v. Carr*, a court considers seven factors when determining whether a defendant may withdraw a guilty plea:

> (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.

*United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020) (citing *Carr*, 740 F.2d at 343-44). "No single factor or combination of factors is dispositive, and the court must ultimately examine the totality of the circumstances." *Id.* (citing *Carr*, 740 F.2d at 343-44; *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019)). Further, the Court is not required to make findings as to each factor and can base its decision on the totality of the circumstances. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

**III.**

For the reasons set forth below, the Defendant cannot demonstrate a fair and just reason to withdraw his guilty plea and proceed to trial on Counts One and Two. As a result, the Court should deny the motion.

### A. The Defendant fails to present any evidence of actual innocence

In his motion, the Defendant is arguing that the videos of child pornography that he admitted to producing, during his guilty plea, may not meet the federal definition of child pornography. The Defendant argues that the videos he produced show him and others masturbating over Minor Victim 1 and Minor Victim 2. The Defendant claims that the children were not themselves engaging in any sexual conduct and therefore those videos may not be child pornography. This assertion is meritless. For a multitude of reasons, those videos are child pornography under federal law.

Count One alleges, *inter alia*, that that from on or about March 1, 2023, to on or about October 31, 2023, that the Defendant employed, used, persuaded, enticed and coerced or attempted to employ, use, persuade, induce, entice and coerce Minor Victim 1 to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct. ECF No. 24. Count Two alleges, *inter alia*, that on or about May 6, 2023, the Defendant employed, used, persuaded, enticed and coerced or attempted to employ, use, persuade, induce, entice and coerce Minor Victim 2 to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct. *Id.* During the guilty plea, the Defendant's attorney read a factual basis which included a brief description of the videos that Defendant created of the minor victims. In summary, the Defendant's attorney read and the Defendant admitted the following:

"From on or about March 1, 2023, to on or about October 31, 2023, within the Southern District of Texas he coerced Minor Victim 1 to engage in sexually explicit conduct, specifically masturbating over Minor Victim 1, for the purpose of producing a visual depiction of such conduct, and then he filmed it on his phone and transmitted it to another." ECF No. 59 at 11.

The Defendant further admitted that the minor victims were toddlers. *Id.*

The Government then read the full description of the videos that the Defendant produced:

> The fourth video identified as Video N04013107 is a 54 Second video and depicts MINOR VICTIM 2 wearing jeans and an open diaper with a dinosaur t-shirt and white and grey tennis shoes on a changing table in what appears to be a public restroom. Subject G attempts to digitally penetrate MINOR VICTIM 2. Subject G then spits on his fingers and repeatedly attempted digital penetration. Subject G removes MINOR VICTIM 2's shoes and jeans. Subject E moves MINOR VICTIM 2 and attempts to anally penetrate MINOR VICTIM 2 with his exposed penis. Fernandez appears to be filming Subject G and MINOR VICTIM 2 based off the angle of the video. Fernandez is observed masturbating. Fernandez has on two silver bracelets, one is a chain style bracelet with what appears to be a dolphin charm and the other is a solid beaded bracelet, as seen in the other videos. Fernandez ejaculates on the changing table. Subject G rubs semen from Fernandez on MINOR VICTIM 2's anus and again attempts to insert his penis into the anus of MINOR VICTIM 2."

*Id.* at 12-15.

These videos meet the federal definition of child pornography. Both Minor Victim 1 and Minor Victim 2 were being used and coerced to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. Pursuant to Title 18, United States Code, Section 2256(2)(A), "sexually explicit conduct" is defined as any, "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals or pubic area of any person." In these videos, there are depictions of masturbation, attempted oral to genital contact, attempted genital to anal penetration, sadistic abuse and the lascivious exhibition of the anus, genitals and pubic area of any person; namely Minor Victim 1, Minor Victim 2, the Defendant, and the other unidentified males seen in the videos.

These videos are very different than the videos in the *Howard* case that the Defendant cites to. In *United States v. Howard*, the defendant recorded two videos where he was standing over a sleeping child with his penis exposed and he masturbated over her. 968 F.3d 717, 719 (7th Cir. 2020). The Seventh Circuit held that the defendant did not engage in the production of child

pornography when he made visual depictions of himself masturbating next to a fully clothed and sleeping child. *Id.* Minor Victim 1 and Minor Victim 2 were not fully clothed sleeping children that the Defendant and others masturbated over. Minor Victim 1 and Minor Victim 2 were awake and alert while the Defendant and others were attempting to penetrate their mouth and anus and ejaculated on their bodies. In the videos, Minor Victim 1 can be heard crying and screaming and attempting to push away the Defendant and others. In the first, second and the fourth videos, both Minor Victim 1 and Minor Victim 2's penises are recorded in the video. In all of these videos, the Defendant and others masturbate over these children.

In the first video, the Defendant masturbates over and ejaculates on Minor Victim 1's side and arm. During the video, an unidentified subject can be heard saying "oh yeah," "yes, cry like a little bitch," and "yeah you fucking slut". The Defendant is experiencing sexual gratification while humiliating Minor Victim 1. By its nature, this is sadistic abuse which would qualify as sexually explicit conduct under the federal definition. Additionally, in this video, another individual is masturbating his penis with Minor Victim 1's penis. It is clear that Minor Victim 1 is being used by the Defendant and others to create a visual depiction of sexually explicit conduct in this video.

In the second video, two unidentified individuals masturbate over and ejaculate on Minor Victim 1. The one individual holds Minor Victim 1 upside while another individual puts his hand around Minor Victim 1's neck. The first individual ejaculates on Minor Victim 1's chest and arm. The second individual ejaculates on Minor Victim 1's chest and then rubs his semen all over Minor Victim 1's exposed chest, body and face. This happens all while Minor Victim 1 struggles and cries. During the video, one of the males tells Minor Victim 1 to "shut the fuck up." The two different individuals acts of masturbating over, ejaculating on and rubbing semen all over Minor

Victim 1's body while he is crying and struggling with them is sadistic abuse which is sexually explicit conduct.

In the third video, a male is attempting to put his penis in Minor Victim 1's mouth which is attempted oral sex and would qualify as sexually explicit conduct under federal law.

In the fourth video, a male attempts to digitally penetrate Minor Victim's 2 anus and then attempts to anally penetrate Minor Victim's 2 anus with his exposed penis. The attempted anal penetration both digitally and with a penis would also qualify as sexually explicit conduct.

Additionally, the Fifth Circuit has found that a child can be "used" for purposes of Title 18, United States Code, Section 2251 when a defendant videotapes or photographs a minor. *United States v. Bennett*, 780 F. App'x. 195 (5th Cir. 2019); *United States v. Barry*, 634 F. App'x. 407, 411 (5th Cir. 2015); *United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011).

Further, the Second, Third, Eighth, Ninth and Eleven Circuits all have found that a sleeping child or a child who is unaware of a defendant's conduct or a child engaged in innocent conduct such as showering can be "used" to "engage in" sexually explicit conduct to produce child pornography. See *United States v. Dawson*, 64 F.4th 1227, 1238 (11th Cir. 2023)(A minor does not need to be the one engaging in the sexually explicit conduct in order to be "used" under the statute. A defendant can "use" a child as the object of sexual desire while he records himself engaging in sexually explicit conduct, like masturbating to the child while in the child's presence.) *United States v. Osuba*, 67 F.4th 56, 64 (2nd Cir. 2023) ("the minor's passive involvement as the intended recipient of Osuba's actions suffices to constitute her 'engage[ment]' under §2251(a)." *United States v. Mendez*, 35 F.4th 1219 (9th Cir. 2022) (§2251(a) includes surreptitious recordings and that hiding a camera to produce a visual depiction was active conduct that would meet the "use" element); *United States v. Lohse*, 797 F.3d 515, 522-23 (8th Cir. 2015)(where defendant

posed his penis near sleeping child's face, reasonable jury could have concluded that he used child as a sexual object in creating the photographs); and *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013)"(District Court properly instructed the jury that a sleeping child can 'engage in' sexually explicit conduct")), *cert. denied*, 135 S. Ct 259 (2014).

Finally, the Court thoroughly covered all issues required by Rule 11 with the Defendant before accepting his plea. The Court ascertained that the Defendant was clear-minded and had sufficiently discussed his case with his attorney. *See* ECF No. 59 at 3-4. The Court informed the Defendant that he had the right to a jury trial, and advised him of his rights under the Fourth, Fifth, and Sixth Amendments. *Id*. at 5. The Defendant answered under oath that he understood each of those rights and was waiving those rights. *Id.*

The Fifth Circuit has repeatedly emphasized that "solemn declarations in open court carry a strong presumption of verity." *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009). The Defendant's own sworn and repeated testimony and statements confirm that his plea was knowingly and voluntary and that the Court should deny his motion to withdraw his plea.

**B. The Government would be prejudiced should the Defendant be permitted to withdraw his guilty plea**

Counts One and Two involve two minor victims who were toddlers at the time alleged in the superseding indictment. The Government has met with the victims' families previously and advised them that they would need to testify at the time of trial. However, after the Defendant entered into a guilty plea on September 9, 2026, both of the victims' families were advised that they would not need to testify. For the victims' families to now have to testify and face the Defendant who savagely abused and exploited their sons, may cause them some psychological harm because they believed the case had been resolved and the psychological ordeal of testifying avoided.

That aside, even if the Court does not find that the Government suffered any prejudice, that alone does not justify the Defendant being allowed to withdraw his guilty plea. "We do not believe that the absence of a showing of prejudice to the government, by itself, should be sufficient to mandate permission to withdraw a plea when, as here, no credible reason is proffered." *United States v. Rasmussen*, 642 F.2d 165,168 (footnote) (5th Cir. 1981). "When we consider the other factors present in this case the fact that the defendant has asserted his innocence and the government will not suffer prejudice does not justify reversing the district court" *Carr,* 740 F.2d at 345.

**C. There has been a delay in the Defendant's filing**

The Defendant filed the motion to withdraw his guilty plea one month after the plea. The Fifth Circuit has held that even a delay of 15 days weighed against the granting of a withdrawal motion. *See United States v. Wiggins*, 674 F. App'x 396, 402 (5th Cir. 2017); *Ard*, 298 F. App'x at 339-40 (finding that a 19-day delay weighed against granting a motion to withdraw); *Carr*, 740 F.2d at 345 (finding that a motion to withdraw filed 22 days later was not promptly filed). "The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

**D. Permitting the withdrawal of the guilty plea would inconvenience the Court**

The Court would be inconvenienced by the withdrawal of the plea due to unnecessary delay and waste of judicial resources.

The Defendant was arrested on a criminal complaint on December 19, 2023, and was indicted on January 11, 2024. There was a superseding indictment filed on September 18, 2024. By the time that the Defendant entered his guilty plea, his case had been pending over 2 ½ years. Allowing the Defendant to withdraw his plea without any substantial basis would unnecessarily cause further delay, would require additional court proceedings, and would result in a waste of

judicial resources. Although the Defendant is proceeding to trial on the remaining seven counts, allowing the Defendant to withdraw his plea and go to trial on Counts One and Two would increase the length of time of the trial as well as have the Court expend additional resources.

**E. The Defendant has the benefit of adequate assistance of counsel**

Throughout these proceedings, the Defendant has had competent and capable counsel. Counsel has spent considerable time reviewing the Government's evidence, speaking with the Defendant, and exploring any possible defenses the Defendant may have had. After an exhaustive review of the case, counsel did not find any legal defense to which the Defendant was waiving by pleading guilty to Counts One and Two.

The Defendant cannot now claim that he did not receive close and effective assistance of counsel, especially in light of his repeated affirmations during his plea colloquy that counsel had advised him of the crimes to which he was pleading, that he had sufficient time to consult with counsel and was satisfied with his representation.

**F. The Defendant's plea was knowing and voluntary**

The Defendant entered a knowing and voluntary plea to the charge against him. During the re-arraignment, the Court spent time ensuring that the Defendant understood the proceedings and his rights. The Court even took a break when the Defendant's attorney advised the Court that he had prepared his own factual basis which sufficiently met the elements and covered the factual basis under Rule 11 because he did not agree with the lengthy factual basis that the Government had prepared in order to allow the parties to work on the language. *See* ECF No. 59 at 7-9. The Court then allowed the Defendant' attorney to read his factual proffer and then asked the Defendant if he agreed with those facts to which the Defendant stated, "Yes, I do." *Id.* at 12. The Government read out the factual description of the videos and the Defendant's attorney advised

the Court that he was not going to admit to that and that he did not need to. *Id.* at 12-16. The Court inquired whether the Government was willing to proceed with a plea and the Government responded that it was willing to proceed as long as the Defendant admitted that he created the videos which constituted child pornography for both Minor Victim 1 and Minor Victim 2, to which the Defendant answered in the affirmative. *Id.* at 16.

The Court was satisfied that the Defendant entered a knowing and voluntary plea, and made findings accordingly. *Id.* at 19.

### G. Allowing the Defendant to withdraw his guilty plea would result in the waste of judicial resource

As outlined above in sub-section "D", allowing the Defendant to withdraw his plea would result in a waste of judicial resources.

Further, a criminal defendant is not "automatically entitled to an evidentiary hearing on a motion to withdraw his guilty plea." *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015) (affirming district court's denial of an evidentiary hearing on the defendant's motion to withdraw his plea). A hearing is required only when the defendant "alleges sufficient facts, which, if proven, would justify relief [under *Carr*]." *Id.* (internal quotation marks omitted). Here, the Defendant has failed to prove that he is entitled to any relief based on the *Carr* factors and the Court should not allow the Defendant to waste judicial resources by holding a hearing.

**IV.**

The Defendant cannot establish under the *Carr* factors that there is a fair and just reason to withdraw his guilty plea. Therefore, the Court should deny his motion.

Respectfully Submitted,

AARON F. REITZ
United States Attorney
Southern District of Texas

*s/ Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The foregoing Response in Opposition to the Defendant's Motion to Withdraw Guilty Plea (ECF No. 54) was filed via ECF on October 30, 2026.

*s/ Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney